hence, if it were then pending. The Code provisions should not be so construed as to establish that doctrine.

The order should be affirmed, with $10 costs and disbursements to each respondent appearing separately.

McLAUGHLIN and HATCH, JJ., concur; PATTERSON, J., in result.

---

In re HART et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

WILLS—DEVISE—ACCEPTANCE—CONDITION SUBSEQUENT—PERFORMANCE — PERSONAL PROPERTY—OWNERSHIP—UNLAWFUL SUSPENSION.

　　Testator devised her house and its contents to her nieces, S. and E., on condition that they should live on the property, and should not let or underlet it, and that, in case they did not comply with the conditions, the devise should be void, and that, if S. and E. refused to accept the devise, the property should go to other designated beneficiaries, and also devised the residue of her estate to S. and E. on condition that they should accept the devise of the house, and make it their residence; otherwise, the residuary estate should be divided among other designated legatees. *Held*, that the devise of the residuary estate was not void, as limited to take effect on the performance of a condition which could not be performed until the death of the residuary legatees, and as an unlawful suspension of the absolute ownership of personal property, since, on S.'s and E.'s acceptance of the devise of the house by moving into it with the intention of making it their residence, the residuary estate vested absolutely in them, and did not depend on their subsequent compliance with the conditions of the devise.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of James E. Hart and others, as executors of the last will of Esther Woods, deceased. From a decree distributing the residuary estate (67 N. Y. Supp. 1123), Martha E. Cook and others appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. D. Choate, for appellant.
C. F. Brown, for respondent.

PATTERSON, J. This is an appeal from so much of a final decree of the surrogate of the city of New York as settles and allows the accounts of executors, and makes distribution of the residuary estate of the testatrix, Esther Woods. Such distribution was made under the provisions of the twenty-first clause of the last will and testament of the testatrix. The inquiry arising under the twenty-first clause involves the consideration and construction of the fifteenth, sixteenth, and seventeenth clauses or paragraphs of the said will. Such clauses read as follows:

"Fifteenth. I give, devise, and bequeath unto Sarah Hart and Esther Hart, daughters of Allen Hart, deceased, of Illinois, the house and premises now owned by me at number 38 East Third street, in the city of New York, together with all its contents, upon condition, however, that they make said property their residence, and do not let or underlet the same during their lifetime; but this devise and bequest shall not be construed to give to the

said Sarah Hart or Esther Hart any title to the fee, nor any estate they could convey and sell, it being my intention to give them such property for their use during the term of their natural life, but only upon condition and in case they make said property their residence. If they, however, accept said property under this devise, and during their lives occupy the same as a residence, and do not let or underlet the same, then, and in such case, but not otherwise, the property shall go, on their death, to such of their children as they may designate by their last will and testament; this clause, however, not to be valid, nor to go into effect, if said property is not used by them as a residence.

"Sixteenth. The foregoing clause and provision and devise is upon the further express condition that they shall preserve and take good care of the portraits of my deceased husband, Richard H. Woods, of my deceased sons, William J. Woods and Harvey Woods, and of myself, which said portraits are now in the said house, and are to remain there.

"Seventeenth. In case the said Sarah Hart and Esther Hart do not accept the bequest and devise made to them by the fifteenth clause of this will, I give, devise, and bequeath the same to Martha Ann Hart, widow of Harvey Hart, deceased, and to her daughter Imogene L. Guion, upon the conditions named in the fifteenth and sixteenth clauses in this will, namely, to be occupied by them during their lifetime, but not to let or underlet the same, and on their death the property shall go to such of their children in fee as they may designate by their last will and testament."

"Twenty-First. All the rest, residue, and remainder of my estate, real and personal, wherever situate, lying, and being, and of whatever name, nature, and description, and which is not hereinbefore disposed of, I give, devise, and bequeath unto Sarah Hart and Esther Hart, daughters of Allen Hart, deceased, of Illinois, if they accept the devise mentioned and contained in paragraph fifteenth of this will to them made, and if they make their residence in the house No. 38 East Third street, in the city of New York, as therein provided and conditioned, and not otherwise. Should they, however, not accept the fifteenth clause of this will, and the devise and bequest therein mentioned, upon the conditions therein and in paragraph sixteenth mentioned, then and in that case the bequest and devise of all the rest, residue, and remainder made to them in this paragraph shall not go into effect; but in that case I give, devise, and bequeath all the rest, remainder, and residue of my estate, real and personal, not hereinbefore disposed of, to Martha Ann Hart, widow of Harvey Hart, deceased, and to her daughter Imogene L. Guion, upon the same conditions as mentioned and set forth in paragraphs fifteenth and sixteenth of this will, to be occupied by them as a residence during their lifetime, but not to be let or underlet or sell the same; but this bequest and devise to them is dependent upon such conditions, and, if they do not accept the property No. 38 East Third street upon the conditions aforesaid, this bequest and devise shall not go into effect."

The surrogate decreed that Sarah Hart and Esther Hart were entitled to the whole residuary estate. It was made to appear that the testatrix, a widow in very advanced years, left, her surviving, certain nephews, nieces, grandnephews, and grandnieces, but she had no direct descendants, her two sons having died during her lifetime. She owned a piece of real estate, known as "No. 38 East Third Street," in the city of New York, and was possessed of considerable personal property. Sarah Hart and Esther Hart, the respondents herein, are the children of a deceased brother of the testatrix. Upon learning of the provisions of her will, they came to the city of New York, and entered into possession of the house No. 38 East Third street in January, 1899, and have ever since continued to live therein. They have both testified in this proceeding that it is their intention to make the house their permanent place of residence, and to comply with all the conditions mentioned in the will with respect

to the said house and the care of the portraits mentioned in the will. The surrogate held that, within the meaning of the twenty-first clause of the will, Sarah Hart and Esther Hart accepted the provisions of the will relating to the gift to them of the house or interest in the house in Third street; that they had made such house their place of residence; "and that up to this time they had complied with every condition imposed by the testatrix and with every wish she had expressed in her will." The appellants are Martha E. Cook, one of the heirs and next of kin of the testatrix, Thomas Close and William J. Close, grandsons of a deceased sister of the testatrix, and Elsea M. Husted, a great-granddaughter of a deceased sister of the testatrix; the three persons last named being infants, and appearing by their guardian ad litem.

It is argued on behalf of the appellants that the gift of the residuary estate is void, for the reason that it is limited to take effect upon performance of conditions precedent, "which can only be completely performed at and by the death of the residuary legatees"; and, further, that the devise of the Third street house is only a gift of the use of the premises, and that by the provisions of the fifteenth, sixteenth, and seventeenth clauses of the will an illegal suspension of the absolute power of alienation of real property has been created, and that those clauses of the will, in connection with the twenty-first clause, create an unlawful suspension of the absolute ownership of the residuary personal estate. As we construe this will, we find the intention of the testatrix to have been to vest in Sarah Hart and Esther Hart the absolute ownership of the residuary estate upon their acceptance of the devise of the realty in Third street. We see no reason for ascribing to the word "accept," as used in this connection in the twenty-first clause, any other than its ordinary meaning. It is apparent that the testatrix did not intend that there should be any doubt or uncertainty respecting the absolute ownership of this residuary estate. The gift over to Martha Ann Hart and her daughter Imogene L. Guion is only made by way of substitution, in case of nonacceptance by Sarah Hart and Esther Hart of the gift of the realty. In our judgment, that gift vested when the persons first named to take entered into possession and signified their acceptance of it, and that the only condition precedent upon which the gift depended was their taking possession with the express intention of complying with the condition of making their residence therein, of not letting or underletting the same, and to preserve and take care of the portraits of the testatrix, her deceased husband, and her two sons. It seems to us apparent that Sarah Hart and Esther Hart were selected by the testatrix from among her collateral relatives as the primary recipients of her bounty, she intending that, if they took the realty upon the conditions mentioned in her will, they should receive absolutely the residuary estate, and in this view of the case no question could arise of the unlawful suspension of the absolute ownership of the personal property. In the nature of things, that ownership could not depend upon the observance of all the conditions associated with the gift of the realty. One of those conditions was precedent, namely, the taking up a residence in the

house. That the Misses Hart were not to have any title to the fee, nor any estate they could convey and sell, did not necessarily postpone the vesting in them of such interest as they were to take under the fifteenth clause. The condition that if they accepted the property under the devise, and during their lives occupied the same as a residence, and did not let or underlet the same, then, in such case, but not otherwise, the property shall go on their death to such of their children as they might designate by their last will and testament, we think applies only to the power of appointment. The intention of the testatrix, as we understand it, was that if the Hart sisters assented to the conditions of making the Third street house their residence, preserving and taking care of the portraits and permitting them to remain upon the premises, and not to let or underlet such premises, then the residuary estate should go to them in absolute ownership; for the gift of the residuary estate is made to depend upon the acceptance of the devise of the realty, and not upon performance of any of those conditions which can only operate after acceptance, and, the devise once accepted, a presumption will be indulged that the other conditions will be complied with. By the twenty-first clause, the full ownership of the residuary estate is not arrested or postponed until it can be ascertained at the death of the half-sisters whether or not they have performed the conditions. We are of opinion that the gift of the interest in the realty became vested when Sarah Hart and Esther Hart entered into the possession and occupancy of the house as their residence, and undertook the performance of the conditions to be observed by them; and when that was done the provision in the will for the substitution of Martha Ann Hart and her daughter became inoperative for any purpose, and hence no question can arise of the unlawful suspension of the power of alienation of real estate, or of the absolute ownership of personal property. The conditions following acceptance of the gift, we think, can only be regarded as conditions subsequent, for the breach of which a right of re-entry is given to the heirs of the testatrix, and they do not prevent the vesting of the interest given to Sarah Hart and Esther Hart by the will. Upington v. Corrigan, 151 N. Y. 143, 45 N. E. 359, 37 L. R. A. 794. We think that distribution of the residuary estate was properly made by the decree of the surrogate, and it is unnecessary to add anything further to the opinion written by him.

The decree should be affirmed, with costs. All concur.