(Surrogate's Court, Rensselaer County. February, 1907.)

**1. CHARITIES—BEQUEST—CONSTRUCTION.**

Testator gave an incorporated hospital money to be used, while the corporation maintained a hospital in T., to support a room for persons admitted in a certain manner; two churches of the city having the right to select those who should occupy it. The will also provided that the corporation, before receiving the money, should execute an agreement to administer the fund according to the will. *Held* an absolute gift to the corporation, not limited to the period during which it might maintain a hospital in T.

**2. HOSPITALS—INCORPORATION.**

A certificate of incorporation of a hospital stated that its object was the maintaining "of a hospital and dispensary" in T. *Held*, that the fact that it was intended to maintain a dispensary, as well as a hospital, did not invalidate the certificate of incorporation, because Membership Corporation Law, Laws 1895, p. 354, c. 559, § 80, did not permit the organization of a corporation for more than one of the purposes specified in such section.

In the matter of the judicial settlement of the accounts of William J. Roche, as executor of the will of Henry T. Nason, deceased. Motion by next of kin to intervene. Motion denied.

See 93 N. Y. Supp. 565.

Edward W. Douglas and William J. Roche, for executor.

William H. Van Schoonhoven (Van Santvoord & Wellington, of counsel), for Samaritan Hospital.

Henry J. Speck, for executor of will of Dr. E. D. Ferguson, deceased.

Patterson, Bulkeley & Van Kirk, for Isabella K. Lombard.

Justin Kellogg, in pro per.

Van Santvoord & Wellington, for Troy Public Library.

J. K. Long, for next of kin.

HEATON, S. The will of the deceased upon its face disposes of the whole estate, and therefore the heirs at law and next of kin of the deceased have not been cited upon this accounting. Two of the next of kin, Susan A. Dearborn and Eliza E. Bates, appear by their attorney and ask to be made parties to this proceeding, alleging that they are interested in the estate by reason of the fact that the bequest of $10,000 to the Samaritan Hospital of Troy is invalid, and, if invalid, does not fall into the residuary estate, and upon the further ground that the Samaritan Hospital, as the residuary legatee in said will named, is not a legal corporation, and therefore the gift of the residuary estate to it, as well as the bequest of $10,000 to it, is void, and that such bequests go by operation of law to the next of kin of the deceased. The executors, the Samaritan Hospital, and other legatees filed answers to the petition of the said next of kin, and upon the issues thus raised a hearing was had to determine the rights of the petitioners to be made parties to the judicial settlement.

There was introduced in evidence the will of the deceased, the agreement of the Samaritan Hospital with the executor of the estate, dated

January 30, 1905, which was made in accordance with the requirements of paragraph No. 4 of the will and the certificate of incorporation of the Samaritan Hospital. The will of Henry T. Nason provides as follows:

"First. I hereby make the following gifts, devises and bequests to the following persons and institutions * * * the Samaritan Hospital of Troy, N. Y., an institution incorporated under the laws of the state of New York, the sum of ten thousand dollars for the purposes hereinafter described. * * *

"Fourth. The said gift or bequest to the Samaritan Hospital is to constitute an endowment fund to be used while the said corporation shall maintain an hospital institution in Troy for the purpose of endowing and maintaining a .room in the said hospital, which fund shall be known as the Nason free bed fund, and which room shall be known as the Nason room, wherein worthy poor persons may, in case of sickness or accident, receive treatment, nursing, food and attendance free of charge. The religious corporation known as the First Presbyterian Church of the city of Troy, acting through its officers or societies who care for the sick and poor, shall have the first right and privilege to have such room occupied by and such care and treatment given therein to any poor sick or injured person whom such religious corporation may from time to time select and send to such hospital; and, in the event that said religious corporation shall at any time be not using such room for such purpose, then the religious corporation known as the Second Street Presbyterian Church, whose place of worship is on Second street in the city of Troy, shall have the like right and privilege. The said sum of ten thousand dollars shall be paid to the said hospital corporation within two years after my decease without interest; provided, however, that the said corporation shall execute in writing and deliver to my executor an agreement that said hospital corporation will accept said sum as an endowment fund and will invest the principal and that the said room shall be maintained out of the income of such investment and that it shall be used in the manner and for the purposes above set forth while an hospital institution is maintained by said corporation in the city of Troy, and that said religious corporations shall have the rights and privileges above set forth; failing the execution of such an agreement, the gift to such institution shall lapse.

"Fifth. In case neither my said mother nor my said grandfather shall survive me, then the following gifts, devises and bequests are hereby made and are substituted in place of those contained in the preceding item and they shall be paid to the following persons and institution, to wit, * * * to the Samaritan Hospital of Troy, N. Y., the sum of ten thousand dollars for an endowment fund for the purpose of maintaining a free room and bed to be known and used as set forth in the fourth item of this will and to be invested and the income applied as set forth in said item * * * and all the rest, residue and remainder of my said estate and property to the said Samaritan Hospital in Troy, N. Y.

"The gift of ten thousand dollars to the Samaritan Hospital made in this item must be accepted subject to the conditions mentioned in the like gift to it in the fourth item of this will. '

"Sixth. It is my desire that all my estate shall be converted into personal property and shall be paid out and distributed as such in case my mother shall not survive me and, for the purpose of making such conversion, I hereby authorize and direct my executors hereinafter named * * * to sell and convey any and all real estate of which I may be the owner at the time of my death and execute and deliver sufficient instruments and deeds of conveyance thereof."

The force and effect of the objections raised to the validity of the bequest of $10,000 to the Samaritan Hospital depend upon the true construction to be given to the language employed by the testator and to the scheme devised by him for the disposition of this portion of his property. The bequest of $10,000 to the Samaritan Hospital in the

third clause of the will is included with many other bequests which are given directly and absolutely to the persons named and the language employed is that which expresses an intention to make direct and absolute gifts, viz:

"I hereby make the following gifts, devises, and bequests to the following persons and institutions."

The fourth item states that the said gift and bequest to the Samaritan Hospital is to constitute an endowment fund to be used, while said corporation shall maintain a hospital institution in Troy, for the purpose of endowing and maintaining a room; and then follows the general outline of a plan for the use of said income in accordance with the wishes of the testator and, it will be noted, strictly within the line of the expressed object of the institution. Referring to the certificate of incorporation of the Samaritan Hospital, we find it therein stated that the treatment of persons in such hospital and the admission of persons to such hospital shall be governed by the rules and regulations established by its board of directors. The intention and purpose of the testator plainly appears to be this: He gives $10,000 unreservedly to the corporation as an endowment fund to be used for a special purpose, which he in a general way outlines; such purpose being one of the very objects of the corporation. He requires the board of directors to make the necessary rules and regulations to carry into effect his plan and design, as they are clearly authorized to do by their certificate and the law. He further provides that the gift shall not be paid to the said corporation until it has prepared itself to execute the wishes of the testator and until it manifests such ability and willingness by the execution of an agreement to accept such endowment upon the terms and conditions specified in the will.

The corporation may refuse to accept the gift upon the conditions specified; but, having once accepted it, the gift is absolute and unconditional, and not upon any trust expressed or implied. The ownership of the fund is in no way suspended. It becomes the absolute property of the corporation. No forfeiture is provided for in case the corporation fails to keep its agreement. The only condition made is that the corporation shall manifest its acceptance of the legacy by the execution of an agreement. Having executed the agreement, the bequest of the fund becomes absolute and unconditional. The words, "while an hospital institution is maintained by said corporation in the city of Troy," in no way apply to the gift of the principal of the fund, nor do they qualify or limit the absolute bequest thereof to the corporation. They apply, if at all, to the establishment of the Nason room, provided it ever transfers its hospital to some other place than the city of Troy or ceases in any place to maintain a hospital. Such expression affirms, rather than disaffirms, the intention of the testator to make the gift of the fund absolute to the corporation. It may have the property, but need not maintain the Nason room when it ceases to be a hospital in the city of Troy.

Under this construction of the will, the bequest is an unconditional, perpetual gift to the hospital for its general purposes, the income to be used for a certain length of time in a particular manner. It leaves no

ultimate reservation to the next of kin, nor does it suspend the period
of absolute ownership. It is not a mere custodian of the income,
to be used as two other corporations shall direct, but to be used in
accordance with the rules and regulations of its own board of directors.
There is no trust, either in the hospital, or the two church corpora-
tions, or the executor. It is not subject to forfeiture for breach of
condition, and the executor is given no right in case of failure to per-
form the contract to do any act for the benefit of the next of kin.

Having outlined the intention of the testator, it remains to be seen
whether said intention is opposed by any legal principle, and, therefore,
cannot be declared valid. In Bird v. Merklee, 144 N. Y. 544, 39 N. E.
645, 27 L. R. A. 423, the court said:

"Gifts to religious and charitable corporations to aid in carrying out the
purposes for which they are organized, whether by expending the principal of
a bequest, or the income of a bequest to be invested in perpetuity, do not create
a trust in any legal sense, do not offend against the statute of perpetuities,
and are not to be judged by any of the well-known rules pertaining to the law
of trusts as applied to private individuals."

In Wetmore v. Parker, 52 N. Y. 458, the court said:

"A corporation created for charity, etc., may take and hold personal prop-
erty, limited by the donor to any of the corporate uses of the donee; and a di-
rection of the donor that the principal shall be kept inviolate, and the income
only expended, will not invalidate the gift: provided, of course, that the same
is immediate and vested. The question relates to the capacity of the corpora-
tion; and the law of perpetuities has nothing to do with it. * * * The in-
come only of the permanent endowment of such institution can be used with
safety to its very existence. Any other course would frustrate, and sooner or
later destroy, its usefulness. * * * It does not create a trust in any such
sense, as that term is applied to property. The corporation uses the property,
in accordance with the law of its creation, for its own purposes; and the dicta-
tion of the manner of its use within the law by the donor does not affect its
ownership or make it a trustee."

The fact that a legatee is requested or required to make an agree-
ment regulating the application of the income received from personal
property transferred to it does not violate the statutory rule forbidding
the suspension of the absolute ownership of personal property, and
such agreement may provide that beneficiaries of the income may be
selected by others than the corporation holding the fund, if such appli-
cation of income is within the legal activities of such corporation. Tab-
ernacle Baptist Church v. Fifth Avenue Baptist Church, 60 App. Div.
327, 70 N. Y. Supp. 181, affirmed 172 N. Y. 598, 64 N. E. 1126. The
vesting of the legacy is not suspended until a point of time is reached
when it shall be absolutely certain that the legatee will not fail to per-
form the condition, but vests absolutely and immediately upon the
legatee's acceptance of the legacy upon the condition named, without
regard to its subsequent compliance with such condition. Matter of
Hart, 61 App. Div. 587, 70 N. Y. Supp. 933, affirmed 168 N. Y. 640,
61 N. E. 1130.

Since the intention and design of the testator was to establish an
endowment fund and direct the application of the income thereof
along the general lines of the work which said corporation was author-
ized to carry on, these and many other decisions establish that there

is no legal objection to the corporation executing the intention of the testator. The gift of $10,000 is therefore a valid, absolute, unconditional bequest of the principal of the fund to the Samaritan Hospital, and there is no condition attached to it which said hospital has not the legal right to execute and perform; and, such hospital having executed the agreement required by the testator, it is entitled to be paid, if it has legal capacity to take the bequest.

It is urged by the petitioners that the Samaritan Hospital is not a legal corporation, and therefore the said bequest and the bequest of the residuary estate to it are void. This issue makes it necessary for the surrogate to determine whether or not the Samaritan Hospital filed a proper certificate to become a legal corporation; for, if it did not become a legal corporation, the legacies to it are void, and the next of kin are consequently interested parties on this judicial settlement. The jurisdiction of the surrogate to determine such question is sustained by Matter of Arden, 4 N. Y. Supp. 177, Carpenter v. Historical Society, 2 Dem. Sur. 574, Smith v. Havens' Relief Society, 44 Misc. Rep. 594, 90 N. Y. Supp. 168, and by many other decisions which lay down the rule that, where it becomes necessary for the surrogate in the performance of his legal duty to do any act, he has jurisdiction to decide the questions arising which are necessary to be determined to enable him to fully and properly perform such duty.

A voluntary association for charitable purposes cannot, under the law of this state, take a legacy. Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, which overrules Matter of Fitzsimmons, 29 Misc. Rep. 731, 62 N. Y. Supp. 1009. The certificate of incorporation of the Samaritan Hospital contained all the statements required by law to be contained in such a certificate and was approved by a justice of the Supreme Court and by the state board of charities. If it contained more than it was required to contain, it was not on that account a void certificate. "Persons seeking to form a corporation under any general law must have a reasonable latitude as to what they may insert in their certificate of incorporation. They must insert therein all the matter particularly required by the law, and they may insert other provisions not inconsistent with law or public policy which are germane to the purposes of the corporation, and necessary, convenient, or appropriate to the accomplishment of such purpose. If they keep within such limits, the public authorities have no reason to interfere, the interests of the public are not jeopardized, and the right of no citizen violated." People ex rel. Fairchild v. Preston, 140 N. Y. 552, 35 N. E. 979, 24 L. R. A. 57.

The point is strongly urged that in the certificate this statement is made, "First, the object of said corporation shall be the erecting, establishing and maintaining of an hospital and dispensary in the city of Troy;" and it is alleged that the law does not permit the organization of a corporation for more than one of the purposes specified in the Membership Corporation Law, § 80. It will be noticed, however, that the corporation which is formed by the certificate is stated to be a hospital corporation, and not a hospital and dispensary corporation, and therefore, under the foregoing cases, it is clear that, if it was improper to state, in defining the object of the hospital corporation, that

it intended to maintain a dispensary, as well as a hospital, that part of the certificate would not invalidate it. "Merely because the declared purposes are very broad in their scope and in practice a bit indefinite does not affect the validity of the incorporation as such." Smith v. Havens' Relief Fund Association, 44 Misc. Rep. 594, 90 N. Y. Supp. 168.

It is also claimed that, in stating the object of said corporation, it is specified that persons may be received who wish to pay for treatment, and that for such reason the institution was not entitled to be incorporated under chapter 559, p. 329, of the Laws of 1895. This objection is untenable under the decisions above quoted, and under the decision in Matter of Vassar, 127 N. Y. 1–14, 27 N. E. 394, where the court said that the charter of a charitable corporation (an old men's home) was not invalidated by charging an entrance fee, since, where the object and purposes are charitable, such a charge possesses no element of private or corporate gain.

It is therefore apparent that, so far as the surrogate has jurisdiction to decide, the Samaritan Hospital is a corporation entitled to take a bequest, and therefore the two bequests to it are not void. It therefore appears that the testator has legally disposed of all his estate, and there is nothing upon this accounting which can be distributed to his next of kin; and for such reason they are not parties interested in this judicial settlement, and their petition to be allowed to intervene is denied.

Motion denied.