POTTSTOWN HOSPITAL v. NEW YORK LIFE INS. & TRUST CO.

(District Court, S. D. New York. March 28, 1913.)

1. WILLS (§ 70*)—VALIDITY OF BEQUESTS—LAW GOVERNING.

When by the law of the domicile of the testator a will has all the formal requisites to pass title to personalty, the validity of particular bequests will depend on the law of the domicile of the legatee, except in cases where the law of the domicile of the testator in terms forbids bequests for any particular purpose or in any particular manner, in which case the bequests would be void everywhere.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 184–186; Dec. Dig. § 70.*]

2. WILLS (§ 14*)—CHARITABLE BEQUESTS—VALIDITY—CONSTRUCTION OF STATUTE.

Sections 18 and 19 of the Decedents' Estates Law (Consol. Laws N. Y. 1909, c. 13), which provide that bequests to certain benevolent, charitable, and scientific corporations created under the laws of New York shall not be valid in any will which shall not have been executed at least two months before the death of the testator, apply only to the particular corporations described and do not affect the validity of a bequest to a charitable corporation of another state.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 35; Dec. Dig. § 14.*]

3. WILLS (§ 14*)—CHARITABLE BEQUEST—VALIDITY.

The provision of Act Pa. April 26, 1855 (P. L. 332) § 11, making void a bequest for religious or charitable uses except where made by a will duly executed at least one calendar month before the death of the testator, as construed by the courts of the state, imposes restrictions upon the donor and not upon the donee, and does not affect the validity of a bequest made to a charitable corporation of that state by the will of a citizen of another state and valid under the laws of such state.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 35; Dec. Dig. § 14.*]

Action by the Pottstown Hospital against the New York Life Insurance & Trust Company, as executor of the last will and testament of William Alexander Smith, deceased. Judgment for plaintiff.

Henry D. Buell, of New York City, for plaintiff.
Grenville T. Emmet, of New York City, for defendant.

HOLT, District Judge. This suit is brought by the Pottstown Hospital, a charitable corporation organized under the laws of Pennsylvania, maintaining a hospital at Pottstown, Pa., to recover a legacy of $3,000, bequeathed to it in the will of William Alexander Smith. The testator was a citizen of New York residing and domiciled in Rockland county. He died May 31, 1911, leaving a will executed May 17,

1911, which has been duly admitted to probate. The defense is that the legacy was void because of the provisions of sections 18 and 19 of the Decedents' Estates Law of New York (Consol. Laws 1909, c. 13), which provide that certain bequests to certain benevolent, charitable, and scientific corporations created under the laws of New York shall not be valid in any will which shall not have been executed at least two months before the death of the decedent, and also because of the provisions of section 11 of the Act of Pennsylvania of April 26, 1855 (P. L. 332), making substantially a similar provision in case of the death of the testator within one month after the execution of the will.

[1] The general rule of law is that the law of the testator's domicile controls as to the formal requisites essential to the validity of the will, the capacity of the testator, and the construction of the instru-ment; that, when by the lex domicilii a will has all the formal requisites to pass title to personalty, the validity of particular bequests will depend upon the law of the domicile of the legatee, except in cases where the law of the domicile of the testator in terms forbids bequests for any particular purpose, or in any particular manner, in which latter case the bequests would be void everywhere; that the existence of corporations organized under the laws of a sister state is recognized by the courts of this state, and they may take personal property under wills executed by citizens of this state, if by the laws of their creation they have authority to acquire property by bequest. Chamberlain v. Chamberlain, 43 N. Y. 424. It has been held that the purpose of sections 18 and 19 of the Decedents' Estates Act is the protection of heirs and next of kin from improvident dispositions by decedents of their estates when weak and in apprehension of death. People's Trust Co. v. Smith, 82 Hun, 494, 31 N. Y. Supp. 519; Amherst College v. Ritch, 151 N. Y. 334, 45 N. E. 876, 37 L. R. A. 305.

[2] I have no doubt that the state of New York might have made void any bequest made to any charitable corporation whether in this state or elsewhere, contained in a will executed within two months of the testator's death; but it is obvious that it has not done so by sections 18 and 19 of the Decedents' Estates Law. Those sections simply make void such bequests to corporations created by the state of New York. There is no claim in this case that the will is invalid by reason of any defect in its execution, and, as the laws of New York have not made a bequest to a foreign charitable corporation invalid because contained in a will executed less than two months before the testator's death, this legacy, in my opinion, is perfectly valid, so far as sections 18 and 19 of the Decedents' Estates Law of New York is concerned. It is well settled that these sections do not apply to foreign corporations. Hollis v. Drew Theological Seminary, 95 N. Y. 166; Hope v. Brewer, 136 N. Y. 126, 32 N. E. 558, 18 L. R. A. 458; Dammert v. Osborn, 140 N. Y. 30, 35 N. E. 407; Matter of Prime, 136 N. Y. 347, 32 N. E. 1091, 18 L. R. A. 713. Therefore whether the complainant is entitled to receive this legacy depends upon the question whether there is any law of Pennsylvania which prohibits it from receiving it. The general rule at common law was that a corporation was entitled

to receive a bequest of personal property. Angell & Ames on Corporations (10th Ed.) p. 146. This corporation therefore is entitled to receive this legacy unless it is prohibited from doing so by the laws of Pennsylvania.

[3] Section 11 of the Pennsylvania Act of April 11, 1855, is as follows:

"No estate, real or personal, shall hereafter be bequeathed, devised, or conveyed to any body politic, or to any person in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible, and, at the same time, disinterested witnesses, at least one calendar month before the decease of the testator or alienor; and all dispositions of property contrary thereto shall be void and go to the residuary legatee or devisee next of kin, or heirs, according to law: Provided, That any disposition of property within said period, bona fide made for a fair valuable consideration, shall not be hereby avoided."

It was held in the case of Kerr v. Dougherty, 79 N. Y. 327, that a similar bequest by a citizen of New York to a Pennsylvania charitable corporation was void under this section, on the ground that the provision that the will must be executed one calendar month prior to the death of the testator was a limitation which related both to the power to dispose of the property and the right to take it. The contrary view was taken in Pennsylvania in the case of Hildeburn's Estate, 16 Pa. Co. Ct. R. 39, which held that the provision in question imposes restrictions upon donors and not upon donees. In that case a legacy was given by a citizen of Delaware to a charitable corporation of Pennsylvania, and it was held that the gift being valid under the laws of Delaware could be taken by the Pennsylvania corporation notwithstanding the provision in the act of 1855. This decision in Pennsylvania, although not the decision of its highest court, appears to have never been dissented from, and to have been accepted as the law of Pennsylvania ever since it was rendered. It is the duty of the federal courts passing upon the effect of state statutes to follow the decisions of the courts of the state in which the statutes were enacted. As there is nothing in the New York statute which prohibits this bequest, the real question in this case is whether the law of Pennsylvania permits the legatee to receive it. Upon that question this court is bound to follow the decisions of the courts of Pennsylvania rather than the courts of New York. I think therefore that the decision in the matter of Hildeburn's Estate is controlling instead of the decision in the case of Kerr v. Dougherty. Personally it seems to me that the reasoning of Judge Earl, in his dissenting opinion in Kerr v. Dougherty, is more satisfactory than that in the prevailing opinion; but, at all events, whatever view may be taken of the question on the merits, I think that this court should follow the decision of the Pennsylvania court construing the statute of Pennsylvania under the situation here presented.

My conclusion is that the claimant is entitled to a decree for the relief demanded in the complaint.