THE PEOPLE's TRUST COMPANY, as Executor, etc., of ELIZA SMITH, Deceased, Respondent, *v.* JOHN J. SMITH and Others, Appellants; THE ASSOCIATION FOR THE RELIEF OF RESPECTABLE AGED INDIGENT FEMALES and THE PRESBYTERIAN HOME FOR AGED WOMEN IN THE CITY OF NEW YORK, Respondents.

*Corporation — when subject to the limitation imposed by section 6 of chapter 319 of 1848 — power to take property by "devise or otherwise" includes "bequests" — a bequest to a corporation incorporated under chapter 413 of 1869 invalid where the testator dies within two months.*

In case a corporation is authorized by statute to take property by devise or bequest "subject to all the provisions of law relating to devises and bequests by last will and testament," or "subject to the provisions of law relating to bequests and devises to religious societies," the limitation imposed by section 6 of chapter 319 of the Laws of 1848 applies, and a devise or bequest to the corporation is invalid unless the will in which it is contained was executed at least two months before the death of the testator.

Where a corporation is authorized by section 4 of chapter 413 of the Laws of 1869 to take property by "devise or otherwise," the words "or otherwise" authorize the corporation to take property by bequest.

Where a corporation was incorporated under chapter 413 of the Laws of 1869, "subject to all provisions of existing laws in relation to devises by last will

and testament," although the word "bequest" is not used in the act, it is the intention of the Legislature not to give such corporation greater privileges than those generally given by statute to charitable institutions, and to subject it to all of the provisions of existing laws relating to devises and bequests. A bequest to such corporation, contained in the will of a testatrix who died within two months after the execution thereof, is invalid.

APPEAL by the defendants, John J. Smith and others, from that portion of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of June, 1894, upon the decision of the court, rendered after a trial at the New York Special Term, declaring valid the residuary bequest contained in the third clause of the last will and testament of Eliza Smith, deceased, and adjudging that the defendant The Presbyterian Home for Aged Women in the City of New York, upon the death of two brothers of said decedent, Eliza Smith, to wit, the defendant John J. Smith and the defendant William E. Smith, is entitled to share equally with the Association for the Relief of Respectable Aged Indigent Females in said residuary estate.

September 26, 1891, Eliza Smith, a resident of the city of New York, duly executed her last will and testament, of which the following is a copy :

" I, Eliza Smith, hereby make the following as my last will and testament :

"*First.* I bequeath to my nephew Frederick Mason three hundred dollars ($300), to my nephew John E. Mason a like sum of three hundred dollars, and to my brother John J. Smith the sum of two thousand five hundred dollars ($2,500).

"*Second.* I bequeath the remainder of my estate to my executor in trust to pay the income to my brother William Elliott Smith, during his life, and upon his death to pay it to my brother John J. Smith, during his life.

"*Third.* Upon the death of my two brothers I direct my estate to be divided equally between the Association for the Relief of Respectable Aged Indigent Females and the Presbyterian Home for Aged Women.

"*Fourth.* I appoint the People's Trust Company of Brooklyn as executor of this will, and hereby give it power of sale over any real estate I may own, to be exercised in its discretion."

October 29, 1891, the testatrix died, and, on the 9th of January, 1892, her will was duly admitted to probate and letters testamentary were issued thereon to the plaintiff.    The testatrix left $38,271.64 in personal property, but left no real estate.    She left her surviving John J. Smith and William E. Smith, her brothers, and John E. Mason and Frederick Mason, her nephews, the children of a deceased sister, her only next of kin, and as they asserted the third clause to be void because the testatrix died within two months after the execution of her will, the executor brought this action to have that question determined.

*John M. Shedd,* for the appellants Smith.

*J. Warren Greene,* for the appellants Mason.

*A. R. Dyett,* for The Presbyterian Home for Aged Women, respondent.

*W. F. Dunning,* for The Association for the Relief of Respectable Aged Indigent Females, respondent.

*Geo. W. Wingate,* for the executor, respondent.

FOLLETT, J. :

The question raised by the pleadings in this action is whether the remainder bequeathed by the third clause to the Association for the Relief of Respectable Aged Indigent Females and to the Presbyterian Home for Aged Women is void under the sixth section of chapter 319, Laws of 1848, entitled : "An act for the incorporation of benevolent, charitable, scientific and missionary societies," which provides : " § 6. Any corporation formed under this act shall be capable of taking, holding or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will or testament of any person whatsover,    *    *    *    and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator."

"An Association for the Relief of Respectable Aged Indigent Females in the City of New York " was incorporated by chapter 69, Laws of 1815, which provided that it " shall by that name and style be capable in law of purchasing, holding and conveying any estate,

real or personal, for the use of said corporation : Provided, that such estate shall never exceed in value one hundred thousand dollars nor be applied to any other purposes than those for which this incorporation is founded." By the seventh section of this act it was provided that the corporation should continue until the last Thursday in November, 1830.

By chapters 308, Laws of 1830, 257, Laws of 1849, 328, Laws of 1868, and 88, Laws of 1889, the act is continued in force until March, 1940. By chapters 382, Laws of 1860, 116, Laws of 1878, and 224, Laws of 1885, the corporation is " authorized to take, receive and hold by purchase, gift, devise or bequest, from any person or persons, estate, real, personal or mixed, to an amount not exceeding ten hundred thousand dollars."

It was conceded on the trial of this action that the property then held by the corporation did not exceed $700,000. There is no provision in any of the acts relating to this corporation which makes the sixth section of chapter 319 of the Laws of 1848, above quoted, applicable to it, and on the trial the claim asserted in the pleadings, that the bequest of one-half of the remainder to this corporation was invalid, was abandoned, and an appeal has not been taken from that part of the judgment adjudging that the bequest of one-half of the remainder to this corporation is valid.

The only question presented on this appeal is whether one-half of the remainder bequeathed to the Presbyterian Home for Aged Women is valid, because the will was not executed two months before the death of the testatrix.

The Presbyterian Home for Aged Women was incorporated by chapter 413, Laws of 1869. The fourth section of this chapter provides : " § 4. The said corporation are hereby authorized to take and hold by gift, purchase, devise or otherwise, subject to all provisions of existing laws in relation to devises by last will and testament * * * and shall be entitled to all the provisions and privileges of law relating to charitable institutions."

In case a corporation is authorized by statute to take property by devise or bequest, " subject to all the provisions of law relating to devises and bequests by last will and testament," or " subject to the provisions of law relating to bequests and devises to religious

societies," the limitation imposed by section 6 of chapter 319, Laws of 1848, applies, and a devise or bequest to the corporation is invalid unless the will is executed two months before the death of the testator. (*Kerr* v. *Dougherty*, 79 N. Y. 327; *Stephenson* v. *Short*, 92 id. 433.)

In the case at bar it is conceded that the provision in the statute under which the Presbyterian Home for Aged Women was incorporated — " subject to all provisions of existing laws in relation to ·devises by last will and testament " — brings devises to that corporation within section 6 of chapter 319 of the Laws of 1848, and that if the testatrix had devised real estate to· the corporation, and had died within two months after the execution of the will, it would have been invalid. The bequest was upheld at Special Term upon the theory that the word " bequest " not being used in the act, it was not the intention of the Legislature to make bequests to this corporation subject to section 6 of chapter 319 of the Laws of 1848.

By section 4 of chapter 413 of the Laws of 1869 the corporation is authorized to take property by " devise or otherwise." The words " or otherwise " were construed at Special Term, and we think correctly, as authorizing the corporation to take property by bequest. Under that construction the corporation was authorized by the section to acquire property by devise or bequest, and it is declared in the same section that it " shall be entitled to all the provisions and privileges of law relating to charitable institutions." Considering the purpose of the act, the object for which this corporation was incorporated, and reading the whole section together, it seems to us that it was the intention of the Legislature not to give this corporation greater privileges than those generally given by the statutes to charitable institutions, but that it should have the same power to take by will as is conferred by the statutes on like corporations. It seems to us that it was clearly the intention of the Legislature to subject this corporation to all of the provisions of existing laws relating to devises and bequests. It is a rule that a statute shall be reasonably construed, and we can see no reason why the Legislature should . have intended to make this corporation subject to the statute of 1848 in respect to devises and not in respect to legacies.

The statutory provision that wills disposing of property in favor of religious and charitable institutions must be executed at least two months before the testator's death, is for the protection of heirs and next of kin from improvident dispositions by testators of their estates when weak and in apprehension of death. And such must have been the intention of the Legislature in imposing a limitation as to devises to this corporation, and we can see no reason why the Legislature should have intended not to have imposed limitation upon bequests. The word "devise" has frequently been construed to embrace bequests when used in statutes or wills. By chapter 244 of the Laws of 1849 the American Female Guardian Society was authorized to receive property by "gift or devise," and it was held (*Lefevre* v. *Lefevre*, 59 N. Y. 444) that the word "devise" embraced "bequest." The word "bequest," when used in wills, has frequently been held sufficient to pass real estate, and the word "devise" to embrace personalty. (*Jackson* v. *Housel*, 17 Johns. 281; *Ladd* v. *Harvey*, 21 N. H. 514; 2 Redf. Wills [3d ed.], 315, *et seq.*)

The judgment should be modified by declaring the bequest to the Presbyterian Home for Aged Women invalid, and, as modified, affirmed, with costs in favor of the executor and the appellants payable out of the estate.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment modified as directed in opinion and affirmed as modified, with costs in favor of executor and appellants payable out of the estate.