(Surrogate's Court, New York County. December, 1899.)

1. WILLS—CHARITABLE BEQUESTS.

Laws 1848, c. 319, § 6, which provides that no bequest to a religious corporation shall be valid which shall not have been executed at least two months before the death of the testator, not being a part of the General Laws, is not binding on corporations not organized thereunder.

2. SAME.

An amendment to a college charter, made in 1870, authorizing the taking of real and personal property subject to all provisions of the law relating to devises and bequests, providing its annual income shall not exceed a stated amount, makes such college amenable to Laws 1848, c. 319, § 6, voiding a bequest to a religious corporation not made at least two months before the death of testator, and this though the college charter was granted before the passage of the law of 1848.

3. SAME—DETERMINATION OF VALIDITY.

Since the declaration of rights of Maryland (article 38) provides that bequests to religious orders are void without the prior or subsequent sanction of the legislature, the validity of a bequest to a religious order will not be passed upon until a reasonable time for application to the legislature for such sanction has been given.

4. SAME—CERTAINTY OF BENEFICIARIES.

Under Acts 1893, c. 701, § 1, providing that no bequest for charitable uses, otherwise valid, should fail because of uncertainty of beneficiaries, a legacy to a society is not void by reason of the fact that it is unincorporated.

In the matter of the estate of Bartholomew Fitzsimmons, deceased. On final accounting by executrix.

Thomas D. Rambaut, for executrix.
Joseph H. Fargis, for legatees.

VARNUM, S. The testator herein died five days after making his will, under the terms of which the bulk of his estate is given to various charitable and religious institutions. Upon a final accounting by the executrix the court is asked by the next of kin of decedent to pass upon the validity of these bequests, so that proper

62 N.Y.S.—64

distribution may be directed in the decree to be entered. The principal legatee under the will is the College of St. Francis Xavier. It is contended that the legacies to this institution are void by reason of section 6 of the act of 1848 (chapter 319, Laws 1848), which provides that no bequest to a religious corporation shall be valid in any will which shall not have been executed at least two months before the death of the testator. This act is not a part of the General Laws, and hence, in the absence of express words, the restrictions it imposes are not binding on corporations not organized thereunder. Hollis v. Seminary, 95 N. Y. 166; In re Hardy, 28 Misc. Rep. 307, 59 N. Y. Supp. 912. The institution in question was organized under the university act of 1813. Its charter was amended by chapter 146 of the Laws of 1870, whereby the college was authorized to take real and personal property, "subject to all provisions of law relating to devises and bequests by last will and testament," providing its annual income should not exceed a stated amount. The identical language in which the condition quoted is phrased was construed in the case of Kerr v. Dougherty, 79 N. Y. 327, which held that these words subjected the corporation to the restrictions imposed by section 6 of the act of 1848, since the latter was a provision of law relating to devises and bequests. Hence I am constrained to hold that the various legacies given to the College of St. Francis Xavier and to its various branches or departments are invalid. The bequests to the Society of St. Vincent de Paul are valid, since the special charter of this corporation does not subject it to the two-months provision. This was so held in Re Walsh's Estate, Sur. Dec. 1897, p. 669. By the sixth clause of the will, $1,000 is given to the "College of the Sacred Heart of Jesus, situated at Woodstock, Howard county, in the state of Maryland." Satisfactory proof has been presented to show that this title is a misnomer, and that the institution intended to be affected by the testator's bounty is the Woodstock College of Baltimore County, a corporation organized by a special act of the legislature of Maryland. It is urged that under the laws of that state this legatee cannot take. By the thirty-eighth article of the declaration of rights in Maryland, bequests to religious orders are void "without the prior or subsequent sanction of the legislature." The construction placed upon this article is that a reasonable time should be allowed to persons falling under its restrictions to obtain such legislative sanction. England v. Vestry of Prince George's Parish, 53 Md. 466, 472; Church Extension of M. E. Church v. Smith, 56 Md. 362. The legatee states that application will be made at the next session of the Maryland legislature to procure permission to take the gift under the will, and it is, therefore, unnecessary to go into the question of whether or not Woodstock College is a religious body under the article above cited. The decree to be entered should provide that this legacy be held by the accountant to await any action that the next session of the legislature of Maryland may take concerning it. The legacy to the Society of the Holy Childhood is not void, by reason of the fact that this institution is unincorporated. I am of the opinion that under the pro-

visions of chapter 701 of the Laws of 1893 this fact no longer prohibits a religious or charitable body from taking. See In re Fitzsimons' Estate, 29 Misc. Rep. 204, 61 N. Y. Supp. 485. It seems that the remaining domestic corporations mentioned in the will were either organized under the act of 1848, or made subject to its restrictions, and hence the bequests to them must be held to be ineffective. The legacy to St. Joseph's Society for Colored Missions is conceded to be valid. Submit decree in accordance with this decision.

Decreed accordingly.