the conclusion that the descendants of deceased uncles and aunts are entitled to share in the distribution according to their respective stocks. Unquestionably the real estate of decedent descends to them, and there would also seem to be no uncertainty as to their right to share in the personalty.

Numerous decisions have been handed down regarding the effect of the amendment of 1898 to this section of the Code, and as to various degrees of relationship, and the prevailing opinion seems to be in favor of the conclusion reached herein. My predecessor held, in Matter of Fleming, 48 Misc. Rep. 589, 98 N. Y. Supp. 306, that grandnephews and grandnieces took by representation the shares which their respective parents would have taken, if living, and in the same opinion held, in Matter of Brown, where the only next of kin were first, second, and third cousins, that the second and third cousins took per stirpes; and the surrogate of Dutchess county so held in Matter of Dunning's Estate, 48 Misc. Rep. 482, 96 N. Y. Supp. 1110, where the next of kin were two aunts and five cousins, the children of deceased uncles and aunts, and to the same effect are Matter of Ebbets' Estate, 43 Misc. Rep. 575, 89 N. Y. Supp. 544, Matter of Hadley's Estate, 43 Misc. Rep. 579, 89 N. Y. Supp. 545, and Matter of De Voe, 107 App. Div. 245, 94 N. Y. Supp. 1129, affirmed 185 N. Y. 536, 77 N. E. 1185.

There is nothing to the contrary in Matter of Davenport, 172 N. Y. 459, 65 N. E. 275. In that case the personal estate was distributed to nephews and nieces and uncles and aunts, upon the ground that all were next of kin in equal degree to the deceased; and descendants of deceased uncles and aunts were excluded. They could not inherit real estate, with nephews and nieces living, and, therefore, no representation could be permitted under subdivision 12.

Let a decree be entered directing the distribution of this estate per stirpes.

Decreed accordingly.

---

(57 Misc. Rep. 531.)

In re BASS.

(Surrogate's Court, Madison County.  January, 1908.)

1. TAXATION—TRANSFER TAX—BEQUEST IN TRUST.

Testator bequeathed money to trustees to invest and pay over the income to his nephew. *Held*, that the transfer tax must be paid out of the corpus of the fund and not out of the income.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 1710, 1726.]

2 SAME.

Testator devised the use of a house and lot and furnishings to a person named in a will, and provided that the taxes should be paid from the income of his estate. *Held*, that the transfer tax thereon must be paid from the income.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 1712, 1726.]

3. EXECUTORS—ACTION FOR LEGACY—COSTS.

    Where an executor fails to pay over income to the beneficiary under the will for more than two years, and the beneficiary is compelled to sue to compel payment, his attorney is entitled to costs.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 1296.]

In the matter of the estate of Edgar C. Bass, deceased. Petition by Edgar C. Bass for a decree directing payment of legacy. Decree for petitioner.

Fitch & Kiley, for petitioner.
W. E. Burdick, for executor.

KILEY, S. Edgar C. Bass died at Cazenovia, N. Y., April 15, 1905, leaving a last will and testament, in and by which he nominated Henry P. Mitchell as executor. Said will was duly admitted to probate by the Surrogate's Court of Madison county on the 18th day of September, 1905. The executor therein named duly qualified, and letters testamentary were duly issued to him.

The portions of said will necessary to consideration here read as follows:

"Third. I bequeath to the trustees hereinafter named the sum of one thousand (1,000) dollars, in trust, to invest in manner deemed best by him and the income arising therefrom to pay to my nephew Edgar C. Bass during life of his mother Nancy W. Bass, and upon the death of said Nancy W. Bass to pay over to said Edgar C. Bass the said sum of one thousand (1,000) dollars. In the event of the death of the said Edgar C. Bass before said Nancy W. Bass I direct the trustee to transfer the said sum of one thousand (1,000) dollars to the trust fund hereinafter created for the benefit of Anna L. Bass Whitney."

"Seventh. The rest, residue and remainder of my estate I give and bequeath unto the trustee hereinafter named, in trust, to hold and invest the same in such manner as may by him be deemed best, and the income arising therefrom to be paid to Anna L. Bass Whitney during the term of her natural life, less the amount expended each year for insurance, taxes and repairs on my house as hereinbefore provided."

The executor has not paid any of the income to the beneficiary as provided in the trusts created by the several clauses of the will above quoted. Edgar C. Bass, beneficiary named in the third clause of the will, institutes these proceedings to compel the payment to him of the income from the fund named therein for his benefit. The executor filed an answer in and by which he seeks to excuse his default in not paying this income to the beneficiary, and further asks direction from the surrogate as to the status of the trust created by paragraph 7 of the will.

Upon the hearing had upon the return of the citation, it appeared that both of the trust funds created by the foregoing clauses of said will were taxed under the statute imposing a tax upon property passing by will or the interstate laws of this state; that such tax was paid by the executor and attempted to be charged against the income of these several funds. This cannot be done. The inheritance tax must be paid out of the corpus of the estate as it was when the transfer took place—in this case at the death of the testator. Matter of Van-

derbilt, 172 N. Y. 69, 64 N. E. 782; Matter of Tracy, 179 N. Y. 501, 72 N. E. 519.

Under the first clause of the will the testator gave the use of his house and lot and the furnishings therein for life to Anna E. Mitchell, if she elects so to use it, and if at any time during her life she elects to surrender such use, or at her death, the use then goes to Anna L. Bass Whitney. The testator provides in said clause that all taxes, etc., shall be paid from the income of his estate, so that the inheritance tax in this particular will have to be paid from the income of the residuary estate. Matter of Tracy, supra. While this question is not up at this time, it is liable to be an occasion for another proceeding; hence I make these suggestions at this time.

The next question by the petition is from what time the income is payable on the $1,000 trust fund to petitioner and at what rate per cent., and also the income from the residuary estate to Anna L. Bass Whitney. Under the will the executor has the discretion to invest the estate as the same is now invested; hence the beneficiaries cannot call for any greater rate than it has earned. As to when that income shall commence for the benefit of petitioner there cannot be much question under the cases. All income that accrues after the death of the testator belongs to the beneficiaries, where trusts are created as they are under this will. The rule that governs legacies, that they do not bear interest until the expiration of one year after letters testamentary are granted, does not apply here. Matter of Stanfield, 135 N. Y. 292, 31 N. E. 1013; Bank of Niagara v. Talbot, 110 App. Div. 519, 96 N. Y. Supp. 976; Matter of McCollum, 80 App. Div. 362, 80 N. Y. Supp. 755; Matter of Slocum, 60 App. Div. 438, 69 N. Y. Supp. 1036. It is not questioned and the evidence shows that the executor has had funds, at all times mentioned in the petition, to pay this income to its rightful owner, and that said funds have been invested and were drawing interest. The petitioner is entitled to all of the interest that was earned by the $1,000 since the death of the testator, April 15, 1905, until the payment of the collateral inheritance tax, which, as appears from the evidence, was on October 12, 1905, and upon $950 thereafter, subject, however, to be decreased by the legal commissions of the executor on such income, to be deducted by said executor at the time of paying over the income.

Anna L. Bass Whitney is entitled, at this time, to all of the income upon the residuary estate from the death of the testator, less that portion hereinbefore alluded to as liable for inheritance tax on the house and furnishings, until the date of payment of collateral inheritance tax which is payable out of the corpus of the estate; also the expenses of administration come out of the corpus of the estate, and, after such payments, on the amount of corpus remaining in the hands of the executor, less legal commissions of the executor, if he deducts the same at time of payment.

The executor in his answer makes the request that I dismiss the proceeding without costs. The law places large responsibility on attorneys of its courts. It provides, when they are successful, they shall

have reasonable and adequate compensation. The petitioner has been successful in these proceedings, and not even the shadow of an excuse exists, in law, for deferring the payment of the income asked for; hence the petitioner is not asking a favor, but for the enforcement of a right. The same right that the executor has to his commissions the attorney has to his costs, if he is successful. Right should always prevail.

Let a decree be prepared in accordance with the foregoing opinion, and the petitioner's attorneys are allowed $15 costs, payable out of the corpus of the estate, and their actual and necessary disbursements.