(80 Misc. Rep. 140.)

## In re SMITH'S ESTATE.

(Surrogate's Court, Rockland County. March, 1913.)

1. Taxation (§ 893*)—Transfer Tax—Payable out of What Fund—Jurisdiction to Determine.

   The question whether a transfer tax on estates in remainder is payable out of the residuary estate, or out of certain trust funds created, which question involves a construction of the will, cannot be determined on the settlement of an order fixing the tax on the life estate, but must await an accounting, when all parties in interest can be heard, or until a proceeding is taken to ascertain and impose the tax.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 893.*]

2. Taxation (§ 891*)—Validity—Transfer Taxes.

   A testator may direct how and from what fund all succession or transfer taxes shall be paid.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1712; Dec. Dig. § 891.*]

3. Taxation (§ 891*)—Construction—Transfer Taxes.

   Under a will providing "that all the gifts, bequests, devises and legacies hereinafter mentioned be paid, transferred or received in full, * * * and that all succession or transfer taxes imposed thereon, or on any of them, be paid out of my residuary estate," the taxes to be imposed on the estate in remainder constitute a charge on the residuary estate.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1712; Dec. Dig. § 891.*]

4. Taxation (§ 887*)—Transfer Taxes—Estate Taxable.

   Under Tax Law (Laws 1897, c. 284) § 220, as amended by Laws 1910, c. 706, specifying when an appointment shall be deemed a transfer taxable, it is the exercise of the power of appointment, and not the creation thereof, which effects the transfer which the statute makes taxable; and consequently the estate in remainder is not taxable until the time arrives for the exercise of the testamentary power of appointment conferred upon the life beneficiary.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1709; Dec. Dig. § 887.*]

In the matter of the appraisal, under the Transfer Tax Law, of the estate of William Alexander Smith, deceased. From an order assessing the transfer tax, the executor and two of the residuary legatees appeal. Modified.

Emmet & Parish, of New York City, for executor.

Lyman Ward, of New York City, for residuary legatees.

Huntington, Rhinelander & Seymour, of New York City, for Clara Hunter Stewardson and another, upon settlement of order.

McCAULEY, S. An order was entered herein, upon the filing of the appraiser's report, assessing the transfer taxes presently payable upon this estate. An appeal was taken from the order by the executor and by two of the residuary legatees, and the questions raised by the appeal have been reviewed and determined.

The will creates two trust funds, namely: One of $20,000 for

the benefit of the testator's son, during his lifetime, with power of disposition by will; and one of $100,000 for the benefit of his daughter, during her lifetime, one-half of which, upon the daughter's death, is bequeathed to her husband, if he survive her, the remaining one-half to become a part of the residuary estate, but, if the daughter survive her husband, a similar power of disposition of the whole trust fund is given to her.

[1] The present value of the life estate of the son in the trust fund of $20,000 was appraised at the sum of $7,459; and the present value of the life estate of the daughter in the trust fund 'of $100,000 was appraised at the sum of $43,272. The appellants concede that these life estates are presently taxable, and that the taxes imposed thereon by the order appealed from are payable out of the residuary estate, by virtue of the first clause of the will. They also concede that the estates in remainder are not at present taxable, and will not be taxable until· the death of the respective life beneficiaries; but they disagree as to the fund out of which the taxes, when imposed, must be paid, the executor's contention being that the residuary estate constitutes the fund chargeable with their payment, whereas the residuary legatees insist that they will be a charge upon and payable out of the principal of the respective trust funds.

I am asked, upon the settlement of the order to be entered upon the appeal, to determine this question, to the end that the order may contain the proper direction in the premises. The question does not come within the purview of the appeal, and involves a judicial interpretation and construction of the first clause of the will. In my opinion, the question cannot at this time be authoritatively determined. Its consideration and decision should await an accounting, when all the parties in interest will be before the court, and afforded an opportunity to be heard, and when a judicial construction of the will may be had, or until a proceeding is taken to ascertain and impose the taxes. In either proceeding this court would be clothed with authority to determine the validity and effect of the testamentary clause above referred to. Matter of Ullmann, 137 N. Y. 403, 33 N. E. 480.

[2, 3] I feel constrained to say, however, that in my opinion the taxes to be imposed upon these estates in remainder will constitute a charge upon and be payable out of the residuary estate. That the testator had the right to direct how or from what fund all succession or transfer taxes should be paid cannot be questioned. Matter of Gihon, 169 N. Y. 443, 62 N. E. 561; Isham v. New York Ass'n, for Poor, 177 N. Y. 218, 69 N. E. 367. The direction of the testator, as expressed in the first clause of his will, is:

"That all the gifts, bequests, devises and legacies hereinafter mentioned be paid, transferred or received in full (subject to any provisions for abatement hereinafter contained), and that all succession or transfer taxes imposed thereon, or on any of them, be paid out of my residuary estate."

This language is comprehensive, apt, and expressive, and, as it seems to me, admits of but one interpretation, namely, that the tes-

tator's intention was that all persons who take, whether immediately and directly under his will, or by the exercise of the power of.appointment, should receive the gift or bequest without diminution through the imposition upon the transfer of any federal or state tax.

[4] The Tax Law as amended and in force at the time of the testator's death (Laws 1897, c. 284, § 220, as amended by Laws 1910, c. 706) provides:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this chapter, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

In construing this provision it has been held that it is the exercise of the power of appointment, and not the creation of that power, which effects the transfer which the statute makes taxable, and, consequently, that the remainder is not taxable until the time arrives for the exercise of the testamentary power of appointment conferred upon the life beneficiary. Matter of Howe, 86 App. Div. 287, 83 N. Y. Supp. 825, and cases there cited; Matter of Delano, 176 N. Y. 486, 68 N. E. 871, 64 L. R. A. 279.

The cases upon which the learned counsel for the residuary legatees rely simply reaffirm this principle and are not in point. The question is merely one of interpretation. Did the testator intend, and so express himself in the first clause of his will, that the appointees, and ultimate beneficiaries, in the event of the exercise of the power of appointment, should receive the gifts or bequests in full, and without diminution by reason of any succession or transfer tax that might be imposed thereon? We think he did. If the power of appointment is exercised by the donees, or by either of them, their appointees will take through a source of title emanating from the will itself. In other words, title to the gifts or bequests will be transferred from the testator to the appointees and ultimate beneficiaries, through the exercise by the donees of the power of appointment.

The order submitted by the learned counsel for the executor is substantially correct, and with slight modification should be entered. The order may be settled and entered upon two days' notice.

Decreed accordingly.