(85 Misc. Rep. 636)

## In re SMITH'S EX'R.

(Surrogate's Court, Rockland County. May, 1914.)

1. WILLS (§ 16*)—CHARITABLE BEQUESTS—VALIDITY.
   Where a testator died two weeks after making his will, bequests given thereby to charitable societies incorporated under Laws 1848, c. 319, and the acts amendatory thereof, were invalidated by the Decedent Estate Law (Consol. Laws, c. 13) § 19, which provides that a bequest to any such corporation shall be invalid unless the will shall have been executed at least two months prior to testator's death.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 37; Dec. Dig. § 16.*]

2. WILLS (§ 16*)—CHARITABLE BEQUESTS—VALIDITY.
   A bequest to a corporation chartered by special act for charitable purposes and made subject therein to Laws 1848, .c. 319, is invalid under Decedent Estate Law (Consol. Laws, c. 13) § 19, where the testator dies less than two months after making his will.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 37; Dec. Dig. § 16.*]

3. WILLS (§ 16*)—CHARITABLE BEQUESTS—VALIDITY—MEMBERSHIP CORPORATIONS.
   Where a charitable association incorporated under Laws 1895, c. 559, relating to membership corporations, was not subject to Laws 1848, c. 319, a bequest to it was not invalid under Decedent Estate Law (Consol. Laws, c. 13) § 19, rendering certain charitable bequests invalid where testator dies less than two months after making his will, though testator died within such time.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 37; Dec. Dig. § 16.*]

4. TAXATION (§ 891*)—TRANSFER TAX—PAYMENT—DESIGNATION BY TESTATOR.
   A testator may legally direct how or from what fund all or part of the transfer taxes to which his estate or any portion thereof may be subjected shall be paid.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1712; Dec. Dig. § 891.*]

5. TAXATION (§ 885*)—TRANSFER TAX—IMPOSITION—PAYMENT.
   Where a will creates a trust fund for the benefit of testator's son for life, with power of disposition by will and also a trust fund for the benefit of his daughter for life, with remainder to her husband and to testator's residuary estate in equal parts, giving the daughter power of disposition by will of the whole trust fund in case she survive her husband, the imposition of taxes on the remainder must be deferred until the death of the respective life beneficiaries.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. § 885.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. TAXATION (§ 891*)—TRANSFER TAX—CONSTRUCTION.

Where the first clause of a will directed "that all gifts * * * hereinafter mentioned be paid * * * in full. * * * and that all * * * transfer taxes * * * be paid out of my residuary estate," the appointees and ultimate beneficiaries were entitled, in the event of the exercise of the power of appointment, to receive the gifts in full without diminution by reason of any succession or transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent Dig. § 1712; Dec. Dig. § 891.*]

7. TAXATION (§ 891*)—TRANSFER TAX—CONSTRUCTION.

A direction in a will, "that all the gifts * * * hereinafter mentioned be paid * * * in full * * * and that all succession or transfer taxes imposed thereon or on any part of them be paid out of my residuary estate," embraced only those bequests which preceded the division and disposition of the residue, and did not apply to the distributive shares into which the residue was to be divided.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1712; Dec. Dig. § 891.*]

In the matter of the judicial settlement of the accounts of the executor, etc., of William Alexander Smith, deceased. Decreed according to opinion.

Emmet & Parish, of New York City, for executor.

Lyman Ward, of New York City, for Dinah W. Smith and Robert William Hobart Smith.

Huntington, Rhinelander & Seymour, of New York City, for Clara Hunter Stewardson and Langdon C. Stewardson.

Roosevelt & Kobbe, of New York City, for the Sheltering Arms of the City of New York and another.

Cadwalader, Wickersham & Taft, of New York City, for New York Society for Improving the Condition of the Poor.

De Witt, Lockman & De Witt, of New York City, for Orphans' Home and Asylum of the Protestant Episcopal Church in New York and another.

Nash & Jones, of New York City, for Cathedral St. John the Divine and another.

Gay & Goddard, of New York City, for New York Association for the Blind.

Frederick G. Grimme, of New York City, special guardian for William Alexander Smith, 3d, and Margaret Gurnee Smith.

McCAULEY, S. The validity of certain bequests to corporate legatees has been questioned, in the course of the administration of this estate, and it is now presented for my consideration and determination, as the first and more important question arising upon this accounting.

[1] The testator made and executed his will on the 17th day of May, 1911; his death occurred two weeks later, on the 31st day of the same month. The bequests to the New York Bible Society, the Sheltering Arms of the City of New York, Home for Incurables, the Society of St. Johnland, Society for the Relief of the Destitute Blind in the City of New York and Its Vicinity, New York Society for Improving the Condition of the Poor, Midnight Mission, Shelter for Respec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

table Girls, Orphans' Home and Asylum of the Protestant Episcopal Church in New York, and House of Rest for Consumptives, respectively, are obviously invalid. These institutions were incorporated under chapter 319 of the Laws of 1848, an act which provided for the incorporation of benevolent, charitable, scientific, and missionary societies, and the acts amendatory thereof. The bequests are invalidated by the last clause of section 19 of the Decedent Estate Law, which declares that a devise or bequest to any such institution or corporation shall not be valid unless the will by which it is made shall have been executed at least two months prior to the death of the testator. The language of this clause is too explicit to be capable of being misunderstood. It clearly shows that the policy of the Legislature was to invalidate all devises and bequests by any person to an institution or corporation, formed under the act or subject to its provisions, whose will was made and executed less than two months before his death, without reference to the circumstances of his having a wife, child, or parent. Stephenson v. Short, 92 N. Y. 441.

[2] Counsel for the executor and for the residuary legatees also insist that the bequests to the following corporate legatees, namely, New York Protestant Episcopal City Mission, New York Institution for the Blind, Cathedral of St. John the Divine, and the New York Bible and Common Prayer Book Society, come within the same prohibition, and are therefore invalid; that although these corporations were not formed under the act of 1848, nevertheless they were organized under statutes which, in express terms or constructively, subject them to its provisions. Counsel for these corporate legatees contend, however, that their respective legacies are valid, and ask that the decree to be entered herein shall establish their validity and direct payment thereof.

It should be here remarked that less than one-half of the testator's estate after the payment of his debts was given to institutions or corporations formed under chapter 319 of the Laws of 1848, and the acts amendatory thereof, and under other statutes which render them subject to its provisions; and therefore that portion of section 19 of the Decedent Estate Law, which prohibits a persons who leaves a wife, or child, or parent, him or her surviving, from devising or bequeathing more than one-half of his or her estate to such an institution or corporation, has no application.

The original of section 19 of the Decedent Estate Law was section 6 of the act of 1848, which provided that any institution or corporation formed under that statute should be capable of taking, holding, or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will and testament of any person whatsoever, the clear annual income of which devise or bequest shall not exceed the sum of $10,000, and further provided that:

"No person leaving a wife, or child or parent, shall devise or bequeath to such institution or corporation more than one-fourth of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of such one-fourth.; *and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator.*"

Section 6 of the act of 1848 was amended by chapter 623 of the Laws of 1903, so as to read that:

"No person leaving a wife or child or parent, shall devise or bequeath to such institution or corporation (formed under the Laws of 1848, chapter 319) more than one-half of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of such one-half, and no such devise or bequest shall be valid, in any will which shall not have been made and executed at least two months before the death of the testator"

—and as thus amended was re-enacted and made a part of the Decedent Estate Law, namely, section 19, by chapter 18 of the Laws of 1909, known as chapter 13 of the Consolidated Laws.

The New York Protestant Episcopal City Mission Society is a domestic corporation organized for religious, charitable, and missionary purposes by chapter 121 of the Laws of 1833. Section 5 of the act provided that the Legislature may, at any time, alter, modify, or repeal the charter. The charter was amended by chapter 173 of the Laws of 1866, wherein by section 2 it was provided, among other things, that the—

"society may also take by bequest or devise real and personal property subject to all provisions of law in relation to devises by will, the annual income of which shall not exceed the sum of ten thousand dollars."

Section 2 of the act was again amended by chapter 69 of the Laws of 1884, wherein the above restriction was expressly re-enacted.

In my opinion section 19 of the Decedent Estate Law applies to this corporation, and the bequest to it cannot be upheld and must be adjudged invalid for the reason that the will was executed less than two months before the testator's death. In Kerr v. Dougherty, 79 N. Y. 327, it was held that a corporation chartered by special act may, by appropriate language, be made subject to the provisions of chapter 319 of the Laws of 1848. In that case the validity and construction of certain provisions of the will of one Henry A. Kerr, deceased, executed less than two months before his death, were before the court for adjudication. By the fifth clause of his will the testator gave to the directors of Union Theological Seminary of the city of New York the sum of $10,000, to be invested as a permanent fund in stocks or bonds of the United States or of the state of New York, the interest of which was to be used for the support of such student or students of the seminary, studying for the Christian ministry, as the directors should select.

The act to incorporate the Union Theological Seminary (Laws of 1839, c. 99) authorizes the taking and holding by gift, grant, and devise, or otherwise, and the purchasing and conveying of property as therein provided. The charter was amended by chapter 636, Laws of 1865, which declares that it shall be lawful for the seminary, "subject to existing laws to take and hold" property, as provided. The charter was further amended by chapter 129, Laws of 1870, which limits the power to take and hold "by gift, grant or devise, or otherwise, subject to all the provisions of law relating to devises and bequests by last will and testament." It will be observed that the language of this amendment is almost precisely similar to the language employed in the

act (Laws of 1866, c. 173) amending the charter of the New York Protestant Episcopal City Mission Society, quoted above. The court in construing the legal effect of this amendment, at page 336 of 79 N. Y., says:

"In the comprehensive words employed in the language quoted, the Legislature no doubt intended to embrace 'all the provisions of law' of a general character relating to the subject, which would, we think, include those contained in the act of 1848."

The court also held that the language employed would include the provisions of the act relating to wills (Laws of 1860, c. 360) which prohibits any devise or bequest to any benevolent, charitable, literary, scientific, religious, or missionary society, by a person having a husband, wife, child, or parent, of more than one-half part of his or her estate, and provides that such devise or bequest shall be valid to the extent of one-half and no more.

In the case of Lefevre v. Lefevre, 59 N. Y. 434, there was a gift by will, executed less than two months before the testator's death, to the "Home for the Friendless in New York," to which, as the trial court held, the American Female Guardian Society was entitled. The latter society was incorporated by chapter 244 of the Laws of 1849, with power—

"to receive, by gift or devise, in the same manner and *subject to the same restrictions* as provided in the general laws for the incorporation of religious and benevolent associations."

It was held that the provisions of the general act for the incorporation of benevolent, charitable, scientific, and missionary societies, being the act of 1848, restricting their capacity to take, applied to that corporation, that the provision of section 6 of the act, declaring that no devise or bequest to corporations formed thereunder should be valid unless the will was made and executed at least two months before the death of the testator, was a restriction upon their general capacity to take, and that inasmuch as the will of Lefevre was executed less than two months prior to his death, the bequest was void.

In Matter of Fitzsimmons, 29 Misc. Rep. 731, 62 N. Y. Supp. 1009, there was a bequest, by a will executed five days before the testator's death, to the College of St. Francis Xavier, which was organized under the University Act of 1813 (2 Rev. Laws 1813, p. 260). Its charter was amended by chapter 146 of the Laws of 1870, whereby the college was authorized to take real and personal property "subject to all provisions of law relating to devises and bequests by last will and testament," provided its annual income should not exceed a stated amount. The restrictive language of this amendment is precisely similar to that employed in the act amending the charter of the Union Theological Seminary, namely, chapter 129, Laws of 1870. Kerr v. Dougherty, supra. It was accordingly held that the collegiate corporation was subject to the provisions of section 6 of the act of 1848, in its capacity to take and hold property, by devise or bequest, and therefore that the gift to it was invalid. See, also, Fairchild v. Edson, 77 Hun, 298, 28 N. Y. Supp. 401; People's Trust Co. v. Smith, 82 Hun, 494, 31 N. Y. Supp. 519.

The court in the latter case, at page 497 of 82 Hun, at page 521 of 31 N. Y. Supp., says:

"In case a corporation is authorized by statute to take property by devise or bequest, 'subject to all the provisions of law relating to devises and bequests by last will and testament,' or 'subject to the provisions of law relating to bequests and devises to religious societies,' the limitation imposed by section 6 of chapter 319, Laws of 1848, applies, and a devise or bequest to the corporation is invalid unless the will is executed two months before the death of the testator."

The New York Institution for the Blind was incorporated by chapter 214 of the Laws of 1831, and the several acts amendatory thereof, for the benevolent purpose, as its charter declares, of instructing children who have been born blind, or who have become blind by disease or accident. By the act of incorporation it was authorized to purchase, hold, and convey any real or personal property for the purpose of its incorporation, provided the annual income should not at any time exceed $10,000. It was further provided that the Legislature might at any time alter, modify, amend, or repeal the act of incorporation. The charter was amended by chapter 226 of the Laws of 1874, whereby the institution was—

"authorized to take, hold, transfer, and convey, for the purpose of its corporation, in addition to the property now held by it, all such other property, real and personal, as has heretofore been given, devised, bequeathed, *subject to all provisions of law relating to devises and bequests*, or conveyed to it, or may at any time hereafter be given, devised, bequeathed, or conveyed to it by any person or persons whomsoever, for the sole use of said institution."

The Cathedral of St. John the Divine, a religious and educational institution, was incorporated by chapter 222 of the Laws of 1873, for the purpose, as its charter declares, of the establishment, erection, maintenance, and management of a cathedral church and its appurtenances in the city of New York, in accordance with the doctrine, discipline, and worship of the Protestant Episcopal Church in the United States, together with such incidental cathedral foundations, schools, faculties, and other religious or charitable works as may be properly connected therewith in and for the said diocese. The charter provides, among other things, that it shall be capable of "acquiring, taking and holding, in trust or otherwise, by purchase, gift, grant, devise or bequest (*subject, however, to all the provisions of law relating to devises or bequests by last will and testament*), all and any estate or property, real or personal, necessary or proper for all or any of the objects or purposes of the said corporation, and to sell, convey, or otherwise dispose of the same," provided the net yearly income of the property thus acquired shall not exceed a certain sum.

For the reasons and upon the same authorities, which apply to the bequest to the New York Protestant Episcopal City Mission Society, the bequests to the New York Institution for the Blind, and the Cathedral of St. John the Divine, must in my opinion be held to be invalid.

The New York Bible and Common Prayer Book Society was incorporated by chapter 118 of the Laws of 1841. Its charter was amended by chapter 57 of the Laws of 1864. By section 2 of the

amendatory act, the corporation was declared to be subject to the provisions of chapter 360 of the Laws of 1860, entitled "An act relating to wills." I feel constrained to hold that the bequest to this society is invalid.

In Stephenson v. Short, supra, the validity of a legacy bequeathed to the Baptist Missionary Society of the state of New York, in a will executed two days before the testator's death, was under consideration. The society was not organized under the act of 1848, but was created by special charter. The court (92 N. Y., at page 446) says:

"We concur with the General Term in holding that a missionary society is a religious society, and are of opinion that the clause subjecting the appellant to the provisions of law relating to devises and bequests to religious societies, is sufficient to extend to it *all* provisions on the subject relating to any kind of religious society, and that consequently section 6 of the act of 1848, must, on the authority of Kerr v. Dougherty, 79 N. Y. 327, and Lefevre v. Lefevre, 59 N. Y. 434, be held to apply to the bequest to this last-named appellant."

[3] The New York Association for the Blind was incorporated April 20, 1906, pursuant to and in conformity with chapter 559 of the Laws of 1895, being an act entitled "An act relating to membership corporations." An examination of this statute and of the certificate of incorporation has failed to disclose any provision that would subject this corporation to the provisions of the act of 1848. I am therefore of the opinion that the bequest to it is valid and should be upheld.

This brings us to a consideration of the question as to whether or not the transfer taxes to be hereafter imposed upon the estates in remainder in two trust funds, set apart and created by the will, shall constitute a charge upon the residuary estate, or be payable out of the principal of the respective trust funds. The will creates two trust funds, namely, one of $20,000 for the benefit of the testator's son during his lifetime, with power of disposition by will, and one of $100,000 for the benefit of his daughter during her lifetime, one-half of which, upon the daughter's death, is bequeathed to her husband, if he survive her, the remaining one-half to become a part of the residuary estate, but if the daughter survive her husband, a similar power of disposition of the whole trust fund is given to her. The present value of the life estate of the son in the trust fund of $20,000 was appraised at the sum of $7,459, and the present value of the life estate of the daughter in the trust fund of $100,000 was appraised at the sum of $43,272. The taxes imposed upon these life estates have been paid out of the principal of the testator's estate, and no fault is found with such payment, because, by the first clause of the will, payment thereof is expressly charged upon the residuary estate. It is obvious that the imposition of the taxes upon these remainders must be deferred until the death of the respective life beneficiaries; and, in my opinion, the residuary estate constitutes the fund out of which the taxes, when imposed, must be paid. I was asked to determine this question upon the settlement of the order entered upon the appeal from the order assessing the transfer taxes, presently payable, upon this estate; but for want of authority the question was not then decided. I did, however, express the opinion which I then entertained

and which I still entertain, and I need only repeat, in substance, what I then said. 80 Misc. Rep. 140, 141 N. Y. Supp. 798.

[4] The testator had an unquestionable right to direct how, or from what fund, all or any of the transfer taxes to which his estate, or any portion thereof, might be subjected should be paid. Matter of Gihon, 169 N. Y. 443, 62 N. E. 561; Isham v. New York Ass'n for Poor, 177 N. Y. 218, 69 N. E. 367; Matter of Bass, 57 Misc. Rep. 531–533, 109 N. Y. Supp. 1084.

[5] The direction of the testator, as expressed in the first clause or paragraph of his will, is:

"That all the gifts, bequests, devises, and legacies, hereinafter mentioned, be paid, transferred or received in full (subject to any provisions for abatement hereinafter contained), and that all succession or transfer taxes imposed thereon, or on any of them, be paid out of my residuary estate."

The question involves a construction or interpretation of this clause of the will. Did the testator intend and so express himself, that the appointees and ultimate beneficiaries, in the event of the exercise of the power of appointment, should receive the gifts or bequests in full and without diminution by reason of any succession or transfer tax that might be imposed thereon? In my opinion that was his intention, and I think the language employed must be construed as expressing that intention. If the power of appointment is exercised by the donees, or by either of them, their appointees will take through a source of title emanating from the will itself. In other words, title to the gifts or bequests will be transferred from the testator to the appointees and ultimate beneficiaries through the exercise by the donees of the power of appointment. The executor should be allowed to retain out of the residue of the estate until and awaiting the imposition of the taxes upon these remainders an amount sufficient to discharge the same.

[6] There is but one other question presented for my consideration, and that relates to the payment of the transfer taxes to be hereafter imposed upon the several distributive shares into which the residuum of the estate is divided, and which are disposed of by the residuary clause. The testator directs that the residuum of his estate, including all lapsed legacies, be divided into five equal parts, one of which is given to his daughter-in-law, Dinah W. Smith, absolutely; one to his grandson, Robert William Hobart Smith, absolutely; one to his son, Robert Hobart Smith, absolutely; and the remaining two-fifths are given to his daughter, Clara Hunter Stewardson, during the term of her natural life, and upon her death, if she predecease her husband, Rev. Langdon C. Stewardson, they are to be distributed, one-third to Dinah W. Smith, one-third to Robert William Hobart Smith, and one-third to Robert Hobart Smith, or their respective descendants, in the event that either of them shall have previously died leaving descendants, such descendants to take, as in case of intestacy, under the intestate laws of this state; but the residuary clause further provides that if the said Clara Hunter Stewardson shall survive her said husband, then upon her death, the two-fifths given to her for life shall go to such person or persons, and in such shares or proportions, as she may direct by will or by an instrument in the nature of a will.

[7] Counsel for the grandson and the daughter-in-law, to each of whom one-fifth of the residuary estate is given absolutely, claims that the tax to be hereafter assessed upon each distributive share should constitute a charge upon and be paid out of the whole residuary estate before division; whereas, counsel for the daughter, for whose benefit during life two-fifths of the residue are set aside and for her husband, insists that each share of the residue should pay its own tax. My opinion is in accord with the latter contention.

It is quite obvious, as it seems to me, that the direction with reference to the payment of succession or transfer taxes, contained in the first clause of the will, has no application to the distributive shares into which the residue is to be divided. The direction "that all the gifts, bequests, devises and legacies hereinafter mentioned, be paid, transferred or received in full * * * and that all succession or transfer taxes imposed *thereon, or on any of them,* be paid out of my residuary estate," must, in my opinion, be held to embrace those bequests and devises, and those only, which precede the division and disposition of the residue. The words "imposed *thereon, or on any of them,*" manifestly refer to the bequests and devises which precede the clause or paragraph in which the residue of the estate is disposed of.

The persons, among whom the residuary estate is to be divided stand in different degrees of relationship to the testator, and the same rate of assessment will not apply to each share, and therefore the taxes when imposed, will differ in amount.

The decree, to be entered in accordance herewith, may be settled upon three days' notice.

Decreed accordingly.