## Marvin's Estate

*High, Dettra & Swartz* and *Morgan, Lewis & Bockius,* for exceptants.

*Frederick B. Smillie* and *Frank Delaney,* contra.

HOLLAND, P. J., March 4, 1936.—The second account of Fidelity-Philadelphia Trust Company, Edith Bonnett Marvin, and Robert Wardrop, testamentary trustees for Martha Marvin Judd, was confirmed nisi by this court on September 16, 1935. Exceptions thereto were filed on September 24, 1935, by the accountants, both in their capacities as trustees and as individuals.

Martha Marvin Judd was the life beneficiary of a one-ninth part of the residue of testator's estate held in trust for her, and which is the subject matter of the accounting now before us. Two other trusts of one ninth each of the residue of testator's estate have determined, and have been distributed; trusts comprising the other two thirds of the residue still continue. Pennsylvania transfer inheritance tax at the rate of two percent upon testator's entire estate, including both life and remainder interests, was paid by testator's executors and credit therefor was taken in their account. The two trusts of one ninth each which have terminated and been distributed went to direct descendants of the testator, so that there was no further tax due at that time, the two percent already paid being sufficient as to each. However, the life beneficiary of the part of testator's residue comprising this trust exercised her power of appointment in favor of her husband, Howard Stanley Judd, who is of course a collateral to testator so that there is a further eight percent transfer inheritance tax due on this fund at this time so as to bring the total tax thereon up to the statutory 10 percent.

The question was submitted for adjudication whether the additional tax of eight percent is wholly payable out of this one-ninth part of the entire residue, or whether it should be charged to the entire residue, in which case the fund now before us would bear only one ninth of the additional tax. We decided in favor of the latter position, which was taken by Judd, the distributee, and awarded to him the residue of the principal presently distributable less one ninth of the additional collateral inheritance tax

now due, having first awarded to the trustees out of principal the sum of $4,800 to provide a fund with which to pay similar additional inheritance tax becoming due in the future on other parts of the residuary trust under testator's will and for which this trust would be liable for its proportionate share.

Exceptants contend that we were in error in holding that this trust should bear only its proportionate share of the additional tax due instead of its entire share, and that even if we were correct the fund of $4,800 set aside as above indicated is insufficient for that purpose in view of the possibility of enhancement in value of the assets composing the principal of the several residuary trusts and the resulting increase in the amount of the tax which may become due thereon in the future. Upon a careful reconsideration of the question we are constrained to agree with exceptants' first contention.

The tax involved being on the transfer, it is well established that it must be paid by the legatee out of the legacy received: Elliott's Estate, 113 Pa. Superior Ct. 350. Any provision in the will to change this situation must be clearly expressed or inferred, and does not of course relieve the legatee from liability for the tax but in effect gives him an additional legacy out of the designated or next available fund for that purpose. If there is sufficient to pay the legacy but not sufficient to pay the tax, the legatee must suffer a reduction of his legacy to the extent of the deficiency. The legacies come first, and, where there is a testamentary provision that the tax on the legacies should be paid out of the estate, such payments can be made only out of further funds available after the legacies have been paid, usually out of the residue, as that is the only fund then remaining.

Of course a testator may provide as he pleases both as to what legacies shall be paid free of tax and as to what fund or division of a fund or property is to be used to pay the tax. A construction of the will in this respect is an important factor and the controlling one where the testa-

mentary intent is clearly and unequivocally expressed. It is the broad language used by the testator here that throws doubt upon his precise meaning. The will reads as follows:

"ITEM EIGHTEEN. All payments hereinbefore directed, shall be made to or for the benefit of the persons herein named, free of any tax or taxes thereon now imposed, or which may be imposed hereafter under the laws of the said State of Pennsylvania, or of the United States, and any and all such taxes shall be paid out of my residuary estate."

The entire disposition of the estate is contained in the items which precede this one.

In Roberts' Estate, 2 D. & C. 541, the will gave several pecuniary legacies; then came a provision that the "foregoing legacies are to be paid free of collateral inheritance tax", but without designating the fund out of which the tax should be paid; and after this came the clause distributing the residue in trust to pay two annuities free of tax, and the balance divided into halves with income for several lives and remainders over. A further pecuniary legacy payable out of one half of the principal was also designated free of tax, but with no such directions as to the rest. By subsequent codicil after the Federal estate tax was created, additional legacies were given and a clause added that "all legacies under my Will shall be paid free of all . . . taxes", which were directed to be paid out of the residuary estate. Judge Gest held that the life beneficiaries of the residuary trust were not relieved from paying the Pennsylvania tax and were not entitled to have this paid out of corpus. He based this upon a construction that the provision of the codicil as to taxes must be read to supplant the similar clause in the will which pertained only to the pecuniary legacies, and that the codicil merely intended to enlarge that clause in the will so as to include the new Federal tax, but did not intend to enlarge its application so as to include the residuary legacies as well. He said, at page 542:

"It would, indeed, be strange to provide that the taxes on life estates in the residuary estate should be paid from the residuary estate of which they form a part, and while a testator may so direct, if he pleases, it would require much clearer evidence of his intention to do so than we have before us in the present case".

It was pointed out that immediate payment of the entire tax out of corpus would, however, not injure the remaindermen, for the reason, unexpressed but apparent, that all interested parties were collaterals, and hence our problem of different percentages of tax for different parties did not arise.

Roberts' Estate, supra, does not offer a solution of this case, as here the tax-free clause comes last in sequence and contains no such express restriction to a certain class or group of legacies. However, in In re Smith's Exec., 85 Misc. 636, 149 N. Y. Supp. 24 (1914), the same question arose as that at bar, with the inconsequential difference that the tax-free clause was the very first one of the will, thus preceding instead of following the disposition of the entire estate. The surrogate held that this clause had no application to the distributive shares into which the residue is to be divided, embracing "those bequests and devises, and those only, which precede the division and disposition of the residue", and therefore each share of the residue must pay its own tax, instead of its constituting a charge upon the whole residuary estate. Among the pecuniary legacies were two given in trust with power to the life beneficiaries to appoint the remainder. The tax on the life interests had been paid, and the question arose whether the future tax due on the remainders should then be paid out of the principal of the trusts, or whether it constituted a charge upon the residuary estate. It was held that the will showed testator's intent that the appointees should take without diminution by transfer tax, and the executor should retain sufficient of the residue to pay these taxes when imposed. Thus the very contention made in the instant case

by Judd was there considered and affirmed as to a non-residuary legacy, but was rejected as to the residue.

In re Kennedy, [1917] 1 Ch. 9, goes about one degree further than Roberts' Estate. The will gave several legacies and annuities; then came the provisions that "all the legacies annuities and bequests . . . shall be given and paid free of all death duties", without, as in Roberts' Estate, restricting application to the "foregoing" legacies; and last came disposition of the residue, charged with payment of several annuities, and with further provisions after the deaths of the annuitants. The question on appeal was whether one of these annuitants should pay the legacy duty out of her income, or whether it was payable out of capital of the "ultimate residue." The latter contention was sustained, the life interest being held a "bequest" under the duty-free clause. Yet Cozens-Hardy, M. R., said, at page 13:

"It is no doubt true that in general a gift of residue or of a share of residue free from duty is ineffective, for the duty must be paid out of the residue."

Scrutton, L. J., in a concurring opinion added, at page 17: ". . . it seems to me to be what the testator intended when he directed that the bequests should be duty-free— that is, that the ultimate beneficiary, and not the persons entitled to the limited interests, should pay them."

We have seen that, where legacies and bequests are given free of tax, the tax is payable out of the residue as the only other available fund for that purpose. Ordinary legacies and bequests cause no difficulty; that begins when the residue itself is reached. Where the residue is divided into successive interests, Roberts' Estate admits the possibility of charging principal with the tax on prior life interests, although not under the restrictive wording of the will there before the court, and In re Kennedy illustrates that possibility. Indeed the very question decided in that case was followed without objection in the present one, all tax on life interests in the residue having been paid out of principal of the residue. But

when the principal of the residue, or the "ultimate residue", as it is termed in In re Kennedy, is reached there is no further fund out of which taxes can be paid. The principal of the residue is the end of the line, and it is an impossibility to pay over any of it free of tax. No matter how little tax is paid or the rate at which paid, the residue, and consequently the legacies paid thereout, will be diminished. At this point a general testamentary provision that all taxes be paid out of residue becomes meaningless.

Without going so far as to say that a testator may not so provide as to accomplish the result urged by the distributee here, it is clear that much more would be required than the usual clause used here directing payment of the taxes out of the residue. Item 18 is not susceptible to the construction that testator intended to make the entire tax on principal of the residue, to be imposed at rates unpredictable until the relationship of the several appointees should be fixed, a charge on the whole principal. No case has been found in which a similar provision was so construed: See cases collected in 51 A. L. R. 454, 487.

Aside from the question of construction of the will, there is the further objection of withholding part of each share of the principal, as it becomes distributable absolutely, pending determination of the future liability of that share for its proportionate part of the tax due on other shares. The uncertainty, not only whether the rate will be two or ten percent, but what the value of the principal will be when the tax becomes due, makes the fixing of the amount to be reserved very difficult, and the best present estimate may turn out to have been inadequate or execessive.

And now, March 4, 1936, upon reconsideration of the questions raised by the exceptions to the adjudication, the three exceptions are sustained. Accordingly the award of the sum of $4,800 to the testamentary trustees to

provide for possible liability of this trust for its proportionate one-ninth share of collateral inheritance taxes on the trusts of six ninths of the residue which may be appointed to collaterals is revoked; the residue of principal, less the entire additional transfer inheritance tax due upon this trust, is awarded to Howard Stanley Judd; and the adjudication, as modified, is confirmed absolutely.